**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EDUARDO VALDIVIA; ONORIO** | ) | |
| **ROJAS; JOSE RODRIGUEZ; and** | ) | |
| **RAUL NIETO,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No.** |
| **v.** | ) | |
| | ) | |
| **TNT LANDSCAPE CONSTRUCTION** | ) | |
| **INC.; and TIMOTHY TERLECKI,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

## COMPLAINT

Plaintiffs Eduardo Valdivia, Onorio Rojas, and Jose Rodriguez, by and through their attorneys, LAF (formerly the Legal Assistance Foundation); and Raul Nieto, by and through his attorneys, Willenson Law, LLC, as a Complaint against Defendants TNT Landscape Construction Inc. ("TNT") and Timothy Terlecki, allege as follows.

## NATURE OF THE CASE

1.      This lawsuit arises under the Illinois Prevailing Wage Act ("Prevailing Wage Act"), 820 ILCS 130 *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*; and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*. Plaintiff Eduardo Valdivia also brings a claim of retaliation under the Prevailing Wage Act, 820 ILCS 130/11b; and Plaintiffs Onorio Rojas, Jose Rodriguez, and Raul Nieto bring claims of unpaid wages under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("Wage Payment Act").

1

2.      Defendants entered into contracts with various municipalities around Illinois for landscaping projects ("projects"), some of which qualify as Public Works as defined by the Prevailing Wage Act.

3.      Defendants employed Plaintiffs as landscape laborers for different periods between 2011 and 2015 and paid Plaintiffs an hourly wage.

4.      Defendants owed Plaintiffs the prevailing wage under the Prevailing Wage Act.

5.      Further, Defendants owed Plaintiffs an overtime premium under the FLSA and IMWL at a rate of one and one-half times the Prevailing Wage Act.

6.      Defendants did not pay Plaintiffs the prevailing wage, nor overtime based on the prevailing wage rate to which they were legally entitled.

7.      After Plaintiff Valdivia complained about not being paid the prevailing wage, he suffered retaliation, in violation of the Prevailing Wage Act.

8.      Plaintiffs Rodriguez, Rojas, and Nieto were not paid all of the wages to which they were entitled, in violation of the Wage Payment Act.

9.      As a remedy for Defendants' violations, Plaintiffs seek the recovery of their unpaid back wages, liquidated and other statutory damages, pre-judgment interest, equitable relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C.

§1331 because the case arises under the laws of the United States, specifically 29 U.S.C.

§216(b).

11.     This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant

to 28 U.S.C. §1367 because the state law claims are so related to claims in the action within the

Court's original jurisdiction that they form part of the same case or controversy under Article III

of the United States Constitution.

12.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a

Defendant resides in this district and a substantial part of the events and omissions took place in

this district.

## PARTIES

13.     Plaintiff Eduardo Valdivia was employed by Defendants as a landscape laborer

from April to Thanksgiving each year from 2011 through 2014.

14.     Plaintiff Jose Rodriguez was employed by Defendants as a landscape laborer from

June through Thanksgiving 2012, then from early April to Thanksgiving each year from 2013

through 2015.

15.     Plaintiff Onorio Rojas was employed by Defendants from July through mid-

November 2014.

16.     Plaintiff Raul Nieto was employed by Defendants from July through

Thanksgiving 2012, then from early April to Thanksgiving each year from 2013 through 2015.

17. Each plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1), and the IMWL, 820 ILCS 105/3(d)

18. Defendant TNT employed each plaintiff as "a laborer, mechanic, or other worker" to work on State of Illinois "public works" projects as those terms are defined by the Prevailing Wage Act, 820 ILCS 130/2.

19. Defendant TNT is an Illinois corporation with its principal place of business at 847 S. Randall Rd., Suite 334, Elgin, Illinois 60123.

20. Defendant TNT is an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. §§203 and 207; the Illinois Minimum Wage Law, 820 ILCS 105/3(c); and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

21. Defendant TNT is an enterprise as defined by 29 U.S.C. §203(r)(1); and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1)(A)(ii).

22. Defendant Timothy Terlecki was the direct supervisor of Plaintiffs, and was responsible for hiring and firing them and for setting the terms and conditions of their employment.

23. On information and belief, Defendant Terlecki is an owner of TNT.

24. Defendant Terlecki is an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. §§203 and 207; the Illinois Minimum Wage Law, 820 ILCS 105/3(c); and the Illinois Wage Payment and Collection Act, 820 ILCS §115/2.

25.     Defendants jointly employed Plaintiffs and are jointly and severally liable for the violations of law alleged in this Complaint.

## FACTUAL ALLEGATIONS

26.     Defendant TNT is a landscaping and construction company.

27.     At all relevant times from 2011 through 2015, most if not all of TNT's business was derived from work performed under public contracts with the following local municipalities: Downers Grove, Lisle, Hoffman Estates, Schaumburg, Lombard, East Dundee, Glenview, Glenwood, Elgin, Arlington Heights, Riverside, Skokie, Itasca, Bloomindale School District, Long Grove, Oak Park, Glendale Heights, Elmhurst, Elk Grove, Streamwood, North Chicago, St. Charles, Harbor Heights, Elmwood Park, Burr Ridge, and Wooddale.

28.     The amount owed under the prevailing wage for laborers differs based on the county where the work is performed and the year it which it is performed.

29.     In the counties and during the years when Plaintiffs worked for Defendants, the prevailing wage for laborers ranged between $35.20 and $39.20.

30.     Several of the contracts between TNT and the municipalities specifically identify that work performed is covered by the Prevailing Wage Act:

     a)  In two contracts between Hoffman Estates and Defendant TNT, dated March 8, 2013 and April 8, 2014, attached as Exhibits A and B, respectively, Defendant agreed to "abide by . . . all laws and statutes of the State of Illinois, including but not limited to the Prevailing Wage Act."

b) In a contract dated October 4, 2012 between Lombard and Defendant TNT, attached as Exhibit C, Lombard agreed to pay Defendant for sod work performed using the prevailing wage.

c) In a second contract, dated March 5, 2015, attached as Exhibit D, Lombard agreed to pay Defendant TNT for soil, seed, and matting work completed using the prevailing wage.

31.     Other projects not specifically identifying the work as covered by the Prevailing Wage Act were "Public Works" as defined by the Act.

32.     Plaintiffs performed work under these public contracts with municipalities.

33.     Defendants employed Plaintiffs to perform landscape work and landscape construction.

34.     At all relevant times between 2011 and 2015, during their respective terms of employment with Defendants, Plaintiffs engaged in landscaping work at the end of new construction projects. Specifically, Plaintiffs would plant new sod or seed on parkways[1] after construction work was completed or after tree stumps were removed.

35.     At all relevant times, Plaintiffs would begin work at 7:00 AM, and would work between 8 to 12 hours daily, six days a week.

36.     Plaintiff Eduardo Valdivia was paid $17 per hour in 2014.

---

[1] The strips of grass planted between a sidewalk and curb.

37.     Plaintiff Jose Rodriguez was paid $13.50 per hour in 2012, $14 to $15.00 per hour in 2013, $16.00 per hour in 2014, and $18.00 per hour in 2015.

38.     Plaintiff Onorio Rojas was paid $11.00 per hour in 2014.

39.     Plaintiff Raul Nieto was paid $11.50 in 2012, $12.00 in 2013, $14.00 in 2014, and $16.00 in 2015.

40.     At all relevant times, Plaintiffs' work for Defendants would end in November.

41.     At all relevant times, Defendants would contact Plaintiffs the following February to rehire them for work in the coming year.

42.     In August 2014, Plaintiff Eduardo Valdivia complained orally to Mr. Terlecki that he was not paid the prevailing wage.

43.     In 2014, at the end of the season, Mr. Terlecki informed Mr. Valdivia that he would be rehired for the 2015 season.

44.     Mr. Valdivia was not contacted in February 2015, nor any time after, to be re-hired in 2015.

45.     On information and belief, Mr. Valdivia was not rehired in February 2015 because of his complaint that he was not paid the prevailing wage.

46.     Plaintiffs Jose Rodriguez and Raul Nieto were both contacted in February 2015 and rehired by Defendants.

47.     Plaintiffs Jose Rodriguez, Onorio Rojas, and Raul Nieto were not paid for all of the hours they worked for Defendants.

> a)      Defendants underpaid Plaintiff Rodriguez by undercompensating him by one-half to one hour per week in 2013 and 2014.
>
> b)      Defendants underpaid Plaintiff Rojas by four to eight hours per week throughout his employment with Defendants.
>
> c)      Defendants underpaid Plaintiff Nieto by four to five hours per week throughout his employment with Defendants.

## COUNT I

### VIOLATIONS OF THE ILLINOIS PREVAILING WAGE ACT
### FAILURE TO PAY PREVAILING WAGE

48.     Plaintiffs hereby reallege and incorporate the above paragraphs as if fully set forth herein.

49.     The Prevailing Wage Act provides that not less than the prevailing wage must be paid to "laborers, workers, or mechanics" who are employed on behalf of a public body, including contractors or subcontractors, and engaged in public work contracts as defined by the Act. *See* 820 ILCS 130/2; 820 ILCS 130/3.

50.     On information and belief, at all relevant times, TNT was an Illinois corporation doing business as a "contractor or subcontractor" with public bodies on public works projects as defined by Prevailing Wage Act.

8

51.     At all relevant times, Plaintiffs were "laborers, workers, or mechanics" employed on behalf of a public body engaged in public work projects as defined by Prevailing Wage Act.

52.     Pursuant to the Prevailing Wage Act, Plaintiffs were entitled to be compensated at the prevailing wage.

53.     Defendants violated the Prevailing Wage Act by failing to pay Plaintiffs at the prevailing wage rate for work performed on public works projects as defied by the IPWA.

WHEREFORE, Plaintiffs respectfully pray that this court enter judgment in their favor and against Defendants, on Count I, jointly and severally, and:

A. Award them an amount equal to the difference between the wages paid to them and the prevailing wages for all work performed on public works contracts;

B. Order Defendants to pay punitive damages pursuant to the formula set forth in 820 ILCS 130/11;

C. Award Plaintiffs pre-judgment and post-judgment interest;

D. Order Defendants to pay the costs of bringing this action, including reasonable attorney's fees and expenses, as provided for in 820 ILCS 130/11;

E. Enjoin Defendants from further violations of the Prevailing Wage Act; and

F. Grant such other and further relief as the Court deems just and proper.

**COUNT II**

**RETALIATION**
**UNDER THE ILLINOIS PREVAILING WAGE ACT**
**PLAINTIFF EDUARDO VALIDIVIA**

54.     Plaintiffs hereby reallege and incorporate the above paragraphs as if fully set forth herein.

55.     The Prevailing Wage Act states that "[n]o person shall discharge, discipline, or in any other way discriminate against . . . or cause to be discharged, disciplined, or discriminated against, any employee . . . by reason of the fact that the employee  . . . offers any evidence of any violation of this act." 820 ILCS 130/11b.

56.     Plaintiff Eduardo Valdivia offered evidence in the form of a complaint to Mr. Terlecki that TNT was violating provisions of the Prevailing Wage Act by not paying him the prevailing wage.

57.     Defendants failed to rehire Plaintiff Valdivia because he offered evidence of violations of the Prevailing Wage Act.

WHEREFORE, Plaintiff Valdivia respectfully pray that this court enter judgment in their favor and against Defendants, on Count II, jointly and severally, and:

A.  Award Plaintiff Valdivia compensation for the time he was unemployed;

B.  Order Defendants to pay penalties pursuant to the formula set forth in 820 ILCS 130/11b;

C.  Award Plaintiff pre-judgment and post-judgment interest;

D.  Order Defendants to pay the costs of bringing this action, including reasonable attorney's fees and expenses, as provided for in 820 ILCS 130/11.

E.  Grant such other and further relief as the Court deems just and proper..

### COUNT III

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME PREMIUM

58.     Plaintiffs re-allege and incorporate the allegations above as if fully set forth herein.

59.     The Fair Labor Standards Act requires covered employers to pay overtime wages to all non-exempt employees for hours worked in excess of forty in a single workweek. 29 U.S.C. §207(a).

60.     At all relevant times, Plaintiffs were non-exempt landscape laborers entitled to one and one half times their regular rate of pay for all hours worked in excess of 40 hours in a single workweek.

61.     Defendants violated the FLSA by failing to pay Plaintiffs one and one-half times the required prevailing wage for hours worked in excess of 40 in a single workweek.

62.     Defendants' violations of the FLSA were willful.

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in favor of Plaintiffs and against Defendants on Count III, jointly and severally, and:

    A.  Award them an amount equal to their unpaid overtime compensation plus an additional and equal amount as liquidated damages;

    B.  Award them pre-judgment and post-judgment interest;

    C.  Order Defendants to pay the costs of bringing this action, including reasonable attorney's fees and expenses; and

    D.  Grant such other and further relief as the Court deems just and proper.

**COUNT IV**

**VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW**
**FAILURE TO PAY OVERTIME PREMIUM**

63.     Plaintiffs re-allege and incorporate the allegations above as if fully set forth herein.

64.     The Illinois Minimum Wage Law provides that non-exempt employees must be paid overtime wages of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a single workweek. 820 ILCS 105/4a.

65.     Defendants violated the IMWL by failing to pay Plaintiffs one and one-half times the required prevailing wage for hours worked in excess of 40 in a single workweek.

66.     WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants on Count IV, jointly and severally, and:

    A.  Award them an amount equal to their unpaid overtime compensation and a penalty of 2% of the unpaid overtime wages per month for the length of the violation, 820 ILCS 105/12;

    B.  Award them pre-judgment and post-judgment interest;

    C.  Order Defendants to pay the costs of bringing this action, including reasonable attorney's fees and expenses; and

    D.  Grant such other and further relief as the Court deems just and proper.

**COUNT V**

**VIOLATIONS OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**UNPAID WAGES**

67.     Plaintiffs re-allege and incorporate the allegations above as if fully set forth herein.

68.     The Wage Payment Act mandates that all wages and final compensation earned by covered employees be paid within 14 days of their separation from employment. 820 ILCS 115/3; 820 ILCS 115/5.

69.     Defendants failed to compensate Plaintiffs Rodriguez, Rojas, or Nieto for all of the hours they worked, in violation of the Wage Payment Act.

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants, jointly and severally, on Count VI and:

A. Award them an amount equal to their unpaid wages;

B. Award them an amount equal to their unpaid wages and a penalty of 2% of the unpaid wages per month for the length of the violation, 820 ILCS 115/14;

C. Award them pre-judgment and post-judgment interest on their unpaid wages;

A. Order Defendants to pay the costs of bringing this action, including reasonable attorney's fees and expenses; and

B. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all counts of this Complaint.

Respectfully Submitted

**s/Matthew D. Lango**
Matthew Lango (ARDC # 6286673)
Miguel Keberlein
LAF
120 S. LaSalle St., Ste. 900
Chicago, IL 60603
Phone: (312) 347-8304
Email: mlango@lafchicago.org

Attorneys for Eduardo Valdivia,
Onorio Rojas, and Jose Rodriguez

Marni Willenson
Willenson Law, LLC
542 S. Dearborn St., Suite 610
Chicago, IL 60605
(312) 546-4910
marni@willensonlaw.com

Attorney for Plaintiff Raul Nieto



EXHIBIT

_A_

2013



**HOFFMAN ESTATES**
DEPARTMENT OF PUBLIC WORKS

**Contract**

1. THIS AGREEMENT, made and concluded the ___08___ day of ___March 2013___
   Month and Year

between the ___Village___ of ___Hoffman Estates___

acting by and through its ___Mayor and Board of Trustees___ known as the party of the first part, and

___TNT landscape Construction Inc.___ his/their executors, administrators, successors or assigns,

known as the party of the second part.

2. Witnesseth: That for and in consideration of the payments and agreements mentioned in the Bid Documents hereto attached, to be made and performed by the party of the first part, and according to the terms expressed in the Bond referring to these presents, the party of the second part agrees with said party of the first part at his/their own proper cost and expense to do all the work, furnish all materials and all labor necessary to complete the work in accordance with the plans and specifications hereinafter described, and in full compliance with all of the terms of this agreement and the requirements of the Village Representative under it.

3. The party of the second part agrees to abide by all OSHA , IDOL and MUTCD safety requirements and all laws and statutes of the State of Illinois including but not limited to the Prevailing Wage Act (if applicable). Prevailing rates of wages are revised by the Illinois Department of Labor and are available on the Department's official website.

4. And it is also understood and agreed that the Instructions to Bidders, General Conditions, Specifications, Scope of Services, Special Provisions, Site Maps and Contract Proposal hereto attached, and the Plans for Section _____,

in ___Hoffman Estates___ , approved by the Village of Hoffman Estates in the

State of Illinois _____ , are essential documents of this contract and are a part hereof.
Date

5. IN WITNESS WHEREOF, The said parties have executed these presents on the date above mentioned.

Attest:                                                The ___Village___ of ___Hoffman Estates___

_____ Clerk         By _____
                                                              Party of the First Part
(Seal)

                                                              *(If a Corporation)*

                                       Corporate Name    TNT Landscape Construction Inc.

                                       By _____
                                                    President            Party of the Second Part

                                                              *(If a Co-Partnership)*

Attest:                                                _____

_____
Secretary                                              _____

                                                Partners doing Business under the firm name of

                                                _____
                                                       Party of the Second Part

                                                              *(If an individual)*

                                                _____
                                                       Party of the Second Part

Bid/Contracts/StandardContract 100312



**HOFFMAN ESTATES**
DEPARTMENT OF PUBLIC WORKS



**EXHIBIT**

_B_

2014

**Contract**

1. THIS AGREEMENT, made and concluded the __8th__ day of __April  2014__

between the ____Village____ of ____Hoffman Estates____

Month and Year

acting by and through its ____Mayor and Board of Trustees____ ____known as the party of the first part, and____

____TNT Landscape____ ____his/their executors, administrators, successors or assigns,____

known as the party of the second part.

2. Witnesseth:  That for and in consideration of the payments and agreements mentioned in the Bid Documents hereto attached, to be made and performed by the party of the first part, and according to the terms and agreements expressed in the Bond referring to these presents, the party of the second part agrees with said party of the first part at his/their own proper cost and expense to do all the work, furnish all materials and all labor necessary to complete the work in accordance with the plans and specifications hereinafter described, and in full compliance with all of the terms of this agreement and the requirements of the Village Representative under it.

3. The party of the second part agrees to abide by all OSHA , IDOL and MUTCD safety requirements and all laws and statutes of the State of Illinois including but not limited to the Prevailing Wage Act (If applicable).  Prevailing rates of wages are revised by the Illinois Department of Labor and are available on the Department's official website.

4. And it is also understood and agreed that the Instructions to Bidders, General Conditions, Specifications, Scope of Services, Special Provisions, Site Maps and Contract Proposal

hereto attached, and the Plans for Section ____2014/2015 Contracted Stump Site Restoration____

in ____Hoffman Estates____ , approved by the Village of Hoffman Estates in the

State of Illinois ____April 8, 2014____ , are essential documents of this contract and are a part hereof.
Date

5. IN WITNESS WHEREOF, The said parties have executed these presents on the date above mentioned.

Attest:

_____ Clerk
(Seal)

The ____Village____ of ____Hoffman Estates____

By _____
Party of the First Part

*(If a Corporation)*

Corporate Name ____TnT Landscape Construction, Inc.____

By _____
President
Party of the Second Part

*(If a Co-Partnership)*

Attest:

_____
Secretary

_____

_____

Partners doing Business under the firm name of

_____
Party of the Second Part

*(If an Individual)*

_____
Party of the Second Part

Bid/Contracts/StandardContract 100412



**EXHIBIT**

_C_

# VILLAGE OF LOMBARD

### Contract for **Landscape Restoration**

CONTRACT DOCUMENT NUMBER <u>PWO-12B17B</u>

This agreement is made this <u>4th</u> day of <u>October</u>, 2012
between and shall be binding upon the Village of Lombard, an Illinois municipal Corporation hereinafter referred to as (the "Village") and (<u>TNT Landscape Construction, Inc.</u>) hereinafter to as (the "Contractor") and its successors.

Witnessed, that in consideration of the mutual promises of the parties delineated in the contract documents, the Contractor agrees to perform the services and the Village agrees to pay for the following services as set forth in the contract documents:

Sod Work Completed Using Prevailing Wages @ <u>$8.50</u> per Sq. Yd.
Sod Work Completed Non-Prevailing Wages @ <u>$7.50</u> per Sq. Yd.
Dirt and Seed Work Completed Prevailing Wages @ <u>$5.00.</u> per Sq. Yd.
Dirt and Seed Work Completed Non-Prevailing Wages @ <u>$4.00</u> per Sq. Yd.

1.  This contract shall embrace and include all of the applicable contract documents listed below as if attached hereto or repeated herein:

    a.  Specification and contract document no. <u>PWO-12B17B</u>
        for <u>Landscape Restoration</u>, consisting of the following:

        i)  Cover Sheet

        ii)  Table of Contents

        iii)  Invitation to Bid on Contract Document
              No. <u>PWO-12B17B</u> - Legal Notice

        iv)  General Terms, Conditions and Instructions

        v)  Specific Terms, Conditions and Instructions and Blue Prints

        vi)  Bid Proposal Form

        vii)  Plans and Specifications and Specification  Deviation Form

    b.  The Contractor's Bid Proposal Dated

    c.  Required Performance and Payment Bonds and Certificate of Insurance

2.   2.   The Village agrees to pay, and the Contractor agrees to accept as full payment for the items, and installation of the same, which are the subject matter of this contract the total sum of $49,750.00 paid in accordance with the provisions of the Local Government Prompt Payment Act.

3.   The Contractor represents and warrants that it will comply will all applicable Federal, State and local laws concerning prevailing wage rates and all Federal, State and local laws concerning equal employment opportunities.

4.   The Contractor shall commence work under this Contract upon written Notice to Proceed from the Village and shall complete work on this project within _____ calendar days from the date of the Notice to Proceed. Time is of the essence of this Contract and Contractor agrees to achieve completion within the contract time by all proper and appropriate means including working overtime without additional compensation.

5.   Bonds required to guarantee performance and payment for labor and material for this work shall be in a form acceptable to the Village and shall provide that they shall not terminate on completion of the work, but shall be reduced to ten percent (10%) of the contract sum upon the date of final payment by the Village for a period of one (1) year to cover a warranty and maintenance period which Contractor agrees shall apply to all material and workmanship for one (1) year from the date of issuance of the final payment by the Village.

6.   Pursuant to the provisions of Section 5 of the Mechanics' Lien Act of Illinois, prior to making any payment on this contract the Village demands that the Contractor furnish a written statement of the names of all parties furnishing labor and/or materials under this Contract and the amounts due or to become due on each. This statement must be made under oath or be verified by affidavit. Final payment shall not be issued by the Village nor shall any retained percentage become due until releases and waivers of lien have been supplied as the Village designates.

7.   In executing this Contract, Contractor agrees that it has examined the site of the work and the conditions existing therein, has examined the Contract Documents and taken and compared field measurements and conditions with those Documents.

8.   This Contract represents the entire Agreement between the parties and may not be modified without the written approval of both parties.

IN WITNESS WHEREOF, the Village of Lombard, Illinois by David A. Hulseberg, Village Manager, and the Contractor have hereunto set their hands this 4th day of October, 2012.

If an individual or partnership, all individual names of each partner shall be signed or if a corporation, an officer duly authorized shall sign here:

Accepted this 4th day of October, 2012.

Individual or Partnership _____ Corporation ✓____

By _____     _____
                                         Position/Title

By _____    Position/Title _____Secretary_____

Print Company Name ___TNT Landscape Construction, Inc.___

THE VILLAGE OF LOMBARD, ILLINOIS

Accepted this 4th day of October, 2012.

_____
Peter Breen, Acting Village President

Attest:

_____
Brigitte O'Brien
Village Clerk

Approved for issuance:

_____    _____
Rhonda Heabel                    Date
Management Analyst

Approved contents of contractual documents:

_____    _____
Thomas P. Bayer                 Date
Village Attorney



EXHIBIT
D

## VILLAGE OF LOMBARD

## Contract for Landscape and Parkway Restoration
CONTRACT DOCUMENT NUMBER __PWO 15-17B__

This agreement is made this __5__ day of ____5____, 2015__
between and shall be binding upon the Village of Lombard, an Illinois municipal Corporation hereinafter referred to as (the "Village") and (TNT Landscape Construction, Inc.) hereinafter to as (the "Contractor") and its successors.

Witnessed, that in consideration of the mutual promises of the parties delineated in the contract documents, the Contractor agrees to perform the services and the Village agrees to pay for the following services as set forth in the contract documents:

## LANDSCAPE RESTORATION PRICES

1.  Soil, Seed and Matting Work Completed Using Prevailing Wages:
    Up to 20,000 square feet. @ $ _0.75_ per square foot.     Totaling      $ ___15,000.00___

2.  Soil, Seed and Matting Work Completed Non-Prevailing Wages:
    Up to 3000 square feet. @ $ _0.65_ per square foot.       Totaling      $ ___1,950.00___

3.  Tree Stump Restoration Work Completed Non-Prevailing Wages:
    Up to 55,715 square feet. @ $ _0.70_ per square foot.     Totaling      $ ___39,000.50___

## Landscape Restoration Total Price

$ _55,950.50_

**The quantities and measurements contained in this document are <u>estimates</u>. The Village reserves the right to increase or decrease quantities and make payment on unit price basis as outlined on page 19, Payment of the bid specifications.**

1.  This contract shall embrace and include all the applicable contract documents listed below as if attached hereto or repeated herein:

    a.  Specification and contract document no.   PWO 15-17B   
        for   Landscape and Parkway Restoration   , consisting of the following:

        i)    Cover Sheet

        ii)   Table of Contents

        iii)  Invitation to Bid on Contract Document
              No.   PWO 15-17B   - Legal Notice

        iv)   General Terms, Conditions and Instructions

        v)    Specific Terms, Conditions and Instructions and Blue Prints

        vi)   Bid Proposal Form

        vii)  Plans and Specifications and Specification Deviation Form

    b.  The Contractor's Bid Proposal Dated   2/4/2015   

    c.  Required Performance and Payment Bonds and Certificate of Insurance

2.  The Village agrees to pay, and the Contractor agrees to accept as full payment for the items, and installation of the same, which are the subject matter of this contract the total sum of $____ paid in accordance with the provisions of the Local Government Prompt Payment Act.

3.  The Contractor represents and warrants that it will comply will all applicable Federal, State and local laws concerning prevailing wage rates and all Federal, State and local laws concerning equal employment opportunities.

4.  The Contractor shall commence work under this Contract upon written Notice to Proceed from the Village and shall complete work on this project within   as scheduled   calendar days from the date of the Notice to Proceed.  Time is of the essence of this Contract and Contractor agrees to achieve completion within the contract time by all proper and appropriate means including working overtime without additional compensation.

5.  Bonds required to guarantee performance and payment for labor and material for this work shall be in a form acceptable to the Village and shall provide that they shall not terminate

on completion of the work, but shall be reduced to ten percent (10%) of the contract sum upon the date of final payment by the Village for a period of one (1) year to cover a warranty and maintenance period which Contractor agrees shall apply to all material and workmanship for one (1) year from the date of issuance of the final payment by the Village.

6.    Pursuant to the provisions of Section 5 of the Mechanics' Lien Act of Illinois, prior to making any payment on this contract the Village demands that the Contractor furnish a written statement of the names of all parties furnishing labor and/or materials under this Contract and the amounts due or to become due on each. This statement must be made under oath or be verified by affidavit. Final payment shall not be issued by the Village nor shall any retained percentage become due until releases and waivers of lien have been supplied as the Village designates.

7.    In executing this Contract, Contractor agrees that it has examined the site of the work and the conditions existing therein, has examined the Contract Documents and taken and compared field measurements and conditions with those Documents.

8.    This Contract represents the entire Agreement between the parties and may not be modified without the written approval of both parties.

IN WITNESS WHEREOF, the Village of Lombard, Illinois by Keith T. Giagnorio, Village President, and the Contractor have hereunto set their hands this 5 day of 3 , 2015 .

If an individual or partnership, all individual names of each partner shall be signed or if a corporation, an officer duly authorized shall sign here:

Accepted this 5 day of _____ 3 _____, 2015 .

Individual or Partnership _____ Corporation _____

By _____    _____
                                 Position/Title

By _____    _____
                                 Position/Title

_____ TCT Landscape Construction Inc
Print Company Name

THE VILLAGE OF LOMBARD, ILLINOIS

Accepted this 19th day of February, 2015 .

_____
Keith T. Giagnorio
Village President

Attest:    _____
           Sharon Kuderna
           Village Clerk

Approved contents of contractual documents:

_____    _____
Thomas P. Bayer              Date
Village Attorney